UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Joel L. Smith

    v.                                                  Civil No. 07-cv-408-SM

William Wrenn, Commissioner,
New Hampshire Department of
Corrections, et al.

**REPORT AND RECOMMENDATION**

Joel Smith has filed a civil rights action (document no. 1) pursuant to 42 U.S.C. § 1983, alleging that defendants have violated his constitutional rights by denying him adequate medical care during his confinement at the New Hampshire State Prison.[1]  Smith has also filed a "Motion to Request Restraining Order" (document no. 3), seeking to have this Court enjoin the defendants from moving or transferring Smith out of the New Hampshire State Prison during the pendency of this action.

The motion for a restraining order seeks an Order preventing the defendants from punishing Smith or transferring him out of

---

[1] I have, this date, completed my preliminary review of this matter, conducted pursuant to United States District Court District of New Hampshire Local Rule 4.3(d)(2) and 29 U.S.C. § 1915A, and issued an Order directing service of the complaint against the named defendants.

the New Hampshire State Prison in retaliation for the filing of this lawsuit.  As grounds for this request, Smith asserts only his belief that he "may be sent back to Maine" without an order from this Court prohibiting such a transfer.

Preliminary injunctive relief is available to protect the moving party from irreparable harm, so that he may obtain a meaningful resolution of the dispute after full adjudication of the underlying action.  See Jean v. Mass. State Police, 492 F.3d 24, 26-27 (1st Cir. 2007).  Absent irreparable harm, there is no need for a preliminary injunction.  See Ross-Simons of Warwick, Inc. v. Baccarat, Inc., 102 F.3d 12, 19 (1st Cir. 1996) (plaintiff's showing of irreparable harm must posses some substance to warrant injunctive relief; preliminary injunction not warranted by a "tenuous or overly speculative forecast of anticipated harm.").

Here, Smith has alleged only mere speculation that he might be transferred in retaliation for his lawsuit.  Further, Smith has not stated how he would be irreparably harmed by a transfer, were such an action to come to pass.  Because Smith has not alleged sufficient facts supporting his request for injunctive relief to merit the consideration of such relief at this time, I

recommend that Smith's motion for a restraining order be denied, without prejudice to refiling should circumstances warrant this Court's intervention to prevent irreparable harm to Smith while this action is pending.

Any objections to this report and recommendation must be filed within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Unauthorized Practice of Law Comm. v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

                                                /s/ James R. Muirhead
                                                James R. Muirhead
                                                United States Magistrate Judge

Date:     April 9, 2008

cc:       Joel L. Smith
          Lawrence Vogelman, Esq.